IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KRISTINA MARTINEZ, as Personal
Representative of the ESTATE OF DALE RAND
ERICKSON, deceased, LUCILLE HIGGINS,
BRANDON ERICKSON, MATTHEW
ERICKSON, JONATHAN ERICKSON, and
BRIANNA ERICKSON,

      Plaintiffs,

    v.                                                    Civ. No. 22-288 WJ-SCY

CORRHEALTH, PROFESSIONAL LIMITED
LIABILITY COMPANY d/b/a CORRHEALTH,
LLC, a foreign limited liability company,
BRUCE BOYNTON, MD, BARRY
SCHOOLEY-STANFORD, MSN, FNP-C,
OAKLEY BLASDEL, RN, KIMBERLY RICH-
GAINEY, RN, and MYRA MARTINEZ, LPN,
in their individual capacities as employees of
CorrHealth, Professional Limited Liability
Company d/b/a CorrHealth, LLC,

      Defendants.

## ORDER GRANTING MOTION TO COMPEL AND
## GRANTING AMENDMENT TO PROTECTIVE ORDER

This case arises out of allegations that Defendant CorrHealth and its employees provided inadequate medical care to Dale Erickson while he was an inmate at Sandoval County Detention Center. Plaintiffs filed this motion to compel disclosure of additional insurance policies that may apply to cover any judgment in this case. Doc. 94; *see* Fed. R. Civ. P. 26(a)(1)(A)(iv) (requiring disclosure, without awaiting a discovery request, of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment").

Plaintiffs explain that New Mexico counties require insurance documentation as part of the process they use to select and contract with private companies such as Defendant CorrHealth

to provide health care services in county detention facilities. Doc. 94 at 1. As relevant to this case, Sandoval County's Request for Proposals ("RFP") specified:

> ALL RESPONDENTS MUST submit, with their proposal, proof of insurance for Professional Liability in an amount not less than $1,000,000. Proof shall be by submission of copies of current policies or current Certificates of Insurance, including the effective dates of coverage.
>
> Sandoval County requires the following provisions of the awarded vendor:
>
> • Sandoval County to be named as additional insured or an insured on all required policies.
>
> • Sandoval County shall be provided with an unconditional thirty (30) days advance written notice of cancellation or material change (i.e. no limit on the notice of cancellation) on all policies.
>
> • Prior to the execution of the resulting contract, the Sandoval County Purchasing Office shall be supplied with an original certificate of insurance evidencing the stated requirements. This insurance shall be effective for the contract duration and renewal certificates shall also be supplied upon expiration.

Doc. 94-2 at 2-3.

Plaintiffs explain that pursuant to a discovery request, Sandoval County produced CorrHealth's proposal containing an insurance certificate naming Coverys Specialty Insurance Company. Doc. 94 at 3; Doc. 94-1. After the case was removed to federal court, Defendants served initial disclosures containing a different certificate of insurance naming MedChoice Risk Retention Group. Doc. 94 at 3; Doc. 94-3. Plaintiffs explain that after the parties participated in mediation, it came to Plaintiffs' attention that a third insurance policy might apply. Doc. 94 at 3. Plaintiffs therefore move to compel "disclosure of all insurance agreements for the entire duration of Defendant CorrHealth's contract with Sandoval County." Doc. 94 at 5.

In response, Defendants explain that "this case was transferred [from MedChoice Risk Retention Group] to Aspen Litigation for insurance coverage as to claims that arose during the time period at issue in this litigation. As such, the Aspen policy is the sole applicable policy for

this claim, and the MedChoice policy no longer applies." Doc. 98 at 2. Defendants contend they therefore should not have to disclose the MedChoice policy at all. With respect to the Aspen policy, Defendants state they will produce the entire policy subject to a confidentiality/protective order. *Id.*

The Court agrees with Plaintiffs that they do not have to accept Defendants' interpretation that a certain insurance policy does not apply and is irrelevant. The Tenth Circuit has explained:

> [T]imely awareness of a party's insurance coverage can be crucial to opposing parties, but the latter ordinarily do not have access to the operative policies to confirm for themselves whether there is potential coverage. Rule 26(a)(1)(A)(iv) therefore imposes an obligation to disclose to opposing parties "any insurance agreement under which an insurance business *may be* liable" with respect to claims asserted in the case. (Emphasis added). This obligation inherently includes an exercise of legal judgment regarding the possible availability of coverage under the specific terms of any insurance policies held by a party.

*Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1229-30 (10th Cir. 2015). And as other courts in this District have explained, "Defendants are required to produce all insurance policies under which an insurance business may be liable to satisfy all or part of a possible judgment, *even if they dispute liability under the policies*." *Booker v. P.A.M. Transp. Inc.*, No. 23cv18 WJ/KRS, 2023 WL 4686226, at *2 (D.N.M. July 21, 2023) (emphasis added); *see also McCullar v. Pecos Valley of New Mexico, LLC*, No. 19cv03 SMV/CG, 2019 WL 11585161, at *2 (D.N.M. June 17, 2019) ("Defendants must produce copies of all insurance policies that may apply to this claim, regardless of Defendants' status as a qualified healthcare provider. While some of these polices may ultimately be irrelevant if the Court finds that Pecos Valley is not a qualified healthcare provider, production of the policies is nevertheless required under Rule 26.").

In the present briefing, Plaintiffs do not dispute that the insurance policy was transferred as a factual matter. But they argue that there are questions as to whether this transfer conformed

with Sandoval County's RFP or whether the transfer was properly and adequately disclosed. Doc. 94 at 5; Doc. 99 at 1-2. The Court agrees that as long as there is a basis, subject to Rule 11, for disputing Defendants' representations as to the applicability of the insurance policies, all *potentially* relevant insurance policies must be disclosed. Therefore, the Court will grant the motion to compel and require Defendants to produce all potentially relevant insurance policies in full, including the Aspen policy and the MedChoice policy.

Defendants ask that if the Court orders disclosure, it do so pursuant to an existing protective order that sets forth the procedures to be followed to ensure that confidential information is protected. Doc. 98 at 3. Defendants represent that the "nature of such [insurance] policies" is "sensitive." Doc. 98 at 3. Plaintiffs oppose this request, arguing that the existing protective order does not apply to "insurance policies" and that these insurance policies should be public because it involves a public contract with Sandoval County.

The Court agrees with Defendants that even if the existing protective order does not apply to insurance agreements, that does not mean Defendants waived all future arguments that other documents should be considpered confidential. The Tenth Circuit has approved entry of protective orders that "designate[] all materials produced in discovery as confidential" and "restrict[] use and disclosure unless a party challenge[s] the confidentiality of a particular item." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). The Court therefore agrees with Defendants that the existing protective order may be expanded to apply to the insurance policies.

Plaintiffs request that if the Court does expand the protective order, "the Court specifically exempt any and all records subject to [IPRA] disclosure from such an amendment." Doc. 99 at 9. The Court is not inclined to change language in the existing protective order that

4

already appears to relate to this issue. Doc. 99-1 at 4 ("Information or documents that are available to the public may not be designated as Confidential Information, unless the disclosure which made the information or documents public was itself unlawful."). The parties appear to dispute whether the insurance policy documents are available to the public. The protective order has procedures for challenging the confidentiality of documents. Doc. 99-1 at 8 ¶ 9. Plaintiffs may invoke these procedures and it may ultimately be determined that the insurance policies are not eligible for a "Confidential Information" designation. The current briefing, however, is insufficient to resolve this issue and so the Court at this time does not address it.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiffs' Motion To Compel Supplementation Of Defendants' Initial Disclosures, Doc. 94, is GRANTED.

2. Defendants' request to amend the protective order is GRANTED. Within 14 days of the date of this Order, Defendants shall either submit to the Court a proposed amended protective order (if agreed to by all parties) or file a motion for entry of Defendants' proposed protective order (if opposed), which the parties may brief according to the Local Rules.

3. Within 14 days of the Court's entry of an amended protective order, for the period Defendant CorrHealth had a contract with Sandoval County and in connection with Plaintiffs' claims in this case, Defendants shall disclose and produce all insurance agreements under which an insurance business may be liable. Such disclosure shall include the Aspen policy and the MedChoice policy.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE