IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KRISTINA MARTINEZ**, as Personal Representative of the **ESTATE OF DALE RAND ERICKSON**, deceased, **LUCILLE HIGGINS, BRANDON ERICKSON, MATTHEW ERICKSON, JONATHAN ERICKSON**, and **BRIANNA ERICKSON**,

    *Plaintiffs*,

v.   Case No. 1:22-cv-00288-WJ-SCY

**CORRHEALTH, PROFESSIONAL LIMITED LIABILITY COMPANY** d/b/a **CORRHEALTH, LLC,** a foreign limited liability company, **BRUCE BOYNTON, MD, BARRY SCHOOLEY-STANFORD, MSN, FNP-C**, **OAKLEY BLASDEL, RN**, **KIMBERLY RICH-GAINEY, RN**, and **MYRA MARTINEZ, LPN**, in their individual capacities as employees of CorrHealth, Professional Limited Liability Company d/b/a CorrHealth, LLC,,

    *Defendants*.

**PLAINTIFFS' NOTICE REGARDING POTENTIAL *DUNTON* CONFLICTS**

Plaintiffs Kristina Martinez and Lucille Higgins, through undersigned counsel, file this notice under *Dunton v. Suffolk County, State of N.Y.*, 729 F.2d 903 (1984), *amended on other grounds*, 748 F.2d 69 (2d Cir. 1984), regarding potential conflicts of interest that exist between the Defendants who are represented by the same counsel. Defense counsel from the Sharuzi Law Group, Ltd. represents both Defendant CorrHealth, Professional Limited LiabilityCompany d/b/a CorrHealth, LLC ("CorrHealth"), and its employees, Defendants Bruce Boynton, Barry Schooley-Stanford, Oakley Blasdel, Kimberly Rich-Gainey, and Myra Martinez. Representing both the employer and employees sets up a potential conflict of interest. *See* Rule 16–107(A)(2) N.M.R.A.

1

Because a judgment favorable to Plaintiffs could be jeopardized without resolution of the possible conflicts of interest, Plaintiffs file this notice to all the parties as a precautionary measure. Plaintiffs respectfully request that this Court evaluate representation of all the Defendants for potential conflicts of interest and determine whether any assurances are necessary (such as a signed waiver) to safeguard the integrity of these proceedings. *See, e.g.*, *Price v. Whitten*, No. 22-CV-01099-DHU/KRS, 2023 WL 8530155, at *3 (D.N.M. Dec. 8, 2023) (noting that under *Dunton*, a "trial court ha[s] a responsibility to satisfy itself that no conflict existed or at least provide notice to the affected [party] that there was a conflict").

## **LEGAL BACKGROUND**

Federal courts have overturned jury verdicts favorable to plaintiffs when a defendant is represented by counsel with an actual conflict of interest at trial. *See Dunton*, 729 F.2d at 908. Subsequently, plaintiffs have routinely filed motions or notices under *Dunton* to preemptively resolve potential conflicts to safeguard any potential favorable verdict. *See, e.g.*, *Price*, 2023 WL 8530155, at *1 (granting "Plaintiff's request to resolve the *Dunton* conflict"); *see also Dunton*, 729 F.2d at 908 ("Where a conflict is serious and disqualification might be warranted, the district court is under a duty to ensure that the client fully appreciates his situation.").

"It is well-established that ordinarily 'the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge,' and is thus a matter of judicial discretion." *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1371, 1383 (10th Cir. 1994). As to attorneys who appear in United States District Courts of New Mexico, the Rules of Professional Conduct adopted by the New Mexico Supreme Court govern. *See* D.N.M. LR–Civ. 83.9; *Cole*, 43 F.3d at 1383. Rule 16–107 of the New Mexico Rules of Professional Conduct provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest," which exists if:

>    (1) the representation of one client will be directly adverse to another client; or
>
>    (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Rule 16–107(A) N.M.R.A. That same Rule also provides that, notwithstanding the existence of a concurrent conflict of interest, a lawyer may represent a client if:

>    (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
>    (2) the representation is not prohibited by law;
>
>    (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; *and*
>
>    (4) each affected client gives informed consent, confirmed in writing.

Rule 16–107(B) N.M.R.A. (emphasis added).

In *Dunton*, the plaintiff filed a § 1983 action against Suffolk County and a Suffolk County police officer who had physically assaulted a man whom the officer had found in a car with the officer's wife. *Id.* at 905. The Suffolk County Attorney represented both the county and the officer. *Id.* at 906. At trial, the county attorney argued that the officer's actions were those of a man acting as a husband, not as an officer, and that the officer thus had acted outside the scope of his employment. *Id.* The jury awarded compensatory and punitive damages against the officer. *Id.*

But on appeal, the Second Circuit held that the county attorney had created a serious and impermissible conflict of interest by making arguments that were directly contrary to the officer's interests, namely, that the officer "was not acting under color of state law but rather as an 'irate husband.'" *Id.* at 908. The Second Circuit declined to impose a *per se* rule mandating disqualification in cases of joint representation of a municipality and its employee in § 1983

3

actions, *id.* at 908 n.4, preferring instead to employ "a case-by-case determination," *Patterson v. Balsamico,* 440 F.3d 104, 114 (2d Cir. 2006). The Second Circuit further counseled that "[w]here a conflict is serious and disqualification might be warranted, the district court is under a duty to ensure that the client fully appreciates his situation." *Dunton*, 729 F.2d at 908.

The Second Circuit Court concluded that there was an "imminent threat of a serious conflict" between a municipality and its employees where claims under § 1983 were brought against both the employee individually and the municipality for the employee's actions. *Id.* at 907. An imminent conflict of interest existed because each defendant could shift liability on the other depending on the circumstances:

> A municipality may avoid liability by showing that the employee was not acting within the scope of his official duties, because his unofficial actions would not be pursuant to municipal policy. The employee, by contrast, may partially or completely avoid liability by showing that he was acting within the scope of his official duties. If he can show that his actions were pursuant to an official policy, he can at least shift part of his liability to the municipality. If he is successful in asserting a good faith immunity defense, the municipality may be wholly liable because it cannot assert the good faith immunity of its employees as a defense to a section 1983 action.

*Id.* (citation omitted).

Relying on *Dunton*, the Tenth Circuit has held that suits against individuals and their municipal employers "give rise to differing and potentially conflicting defenses." *Johnson v. Bd. of County Comm'rs for County of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996). "Most notably, the government entity could defend itself by asserting that the official whose conduct is in question acted in a manner contrary to the policy or custom of the entity." *Id.* So although "the potential for conflict" does not "mandate[] separate representation," where the potential conflict "matures into an actual material conflict," "separate representation would be required." *Id.*; *see also Tapia v. City of Albuquerque*, 10 F. Supp. 3d 1171, 1205 (D.N.M. 2014) (The "mere assertion that differing interests may arise is not sufficient to require disqualification of counsel."). The Tenth Circuit has

4

since reiterated that it requires separate counsel whenever "a potential conflict turns into an actual conflict." *Galindo v. Town of Silver City*, 127 Fed. Appx. 459, 467 (10th Cir. 2005).

## ARGUMENT

Plaintiffs are concerned that the same attorneys represent both the employer—Defendant CorrHealth—and the employees and agents—Defendants Bruce Boynton, Barry Schooley-Stanford, Oakley Blasdel, Kimberly Rich-Gainey, and Myra Martinez. On its face, such representation of an employer and its employees represents a potential conflict of interest. *Cf. Galindo*, 127 Fed. Appx. at 467 (stating that "[i]t is true that there was a potential conflict between the Town of Silver City and [a city police office]" where "the attorney representing [the police officer]" also represents "all other Town of Silver City defendants").

For example, Defendant CorrHealth could try to claim that its Defendant employees acted contrary to CorrHealth's written and de facto policies. Or the Defendant employees could argue that they properly followed CorrHealth's written and de facto policies. Such a situation would violate defense counsel's duty of loyalty to one or both clients. *See* Rule 16–107(A)(2) N.M.R.A. (a conflict exists where "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer"). And such a conflict is comparable to *Dunton*, where the defendant officer and his municipal employer contested whether the officer acted outside the scope of his employment. *See Dunton*, 729 F.2d at 907–08. And based on the relationship between Defendant CorrHealth and its employees there may be other potential conflicts of interest where all defendants are represented by the same counsel but their litigation interests diverge.

Finally, there are potential conflicts among the individual employee Defendants (in addition to the employer/employee conflict). The employee Defendants are not a uniform block

5

with perfectly aligned litigation interests, and the potential exists that one employee Defendant could seek to avoid or minimize liability by throwing another individual Defendant under the bus. In defending their own actions, for example, one individual Defendant could imply that acts or omissions of another individual Defendant were the sole cause of Plaintiff's injuries. Representing all the employee defendants therefore creates potential concurrent conflicts of divided loyalties. Rule 16–107(A) N.M.R.A. ("A concurrent conflict of interest exists if . . . the representation of one client will be directly adverse to another client" or if "there is a *significant risk* that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client") (emphasis added); *United States v. Gallegos*, 39 F.3d 276, 279 (10th Cir. 1994) ("The crux of these [conflict of interest rules] is that a lawyer should not represent a client whose interests are adverse to those of a present client, or whose interests are adverse to those of a former client on a matter that is substantially related to the previous matter.").

Considering this situation and in the interest of caution, Plaintiffs file this *Dunton* notice so that this Court and all the parties can resolve any potential conflict. *See, e.g.*, *Price*, 2023 WL 8530155, at *3 (noting that under *Dunton*, a "trial court ha[s] a responsibility to satisfy itself that no conflict existed or at least provide notice to the affected [party] that there was a conflict"). Plaintiffs note that the Defendants generally can waive potential conflicts if they are informed of the conflict and do so in writing. *See* Rule 16–107(B) N.M.R.A. (permitting waiver of conflict where, in part, "each affected client gives informed consent, confirmed in writing").

## **CONCLUSION**

Based on the foregoing, Plaintiffs put all parties on notice of a potential conflict of interest. Plaintiffs therefore respectfully request that this Court evaluate representation of all the Defendants

for potential conflicts of interest and determine whether any assurances are necessary (such as a signed waiver) to safeguard the integrity of these proceedings.

Respectfully submitted by:

**ROTHSTEIN DONATELLI LLP**

 /s/ Arne R. Leonard
Arne R. Leonard
Carolyn M. "Cammie" Nichols
Carey Bhalla
500 Fourth Street NW, Suite 400
Albuquerque, NM  87102
505-243-1443
aleonard@rothsteinlaw.com
cmnichols@rothsteinlaw.com
cbhalla@rothsteinlaw.com

*Attorneys for Plaintiffs Kristina Martinez and Lucille Higgins*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of January, 2024, I filed the foregoing pleading electronically through the Court's CM/ECF System, which caused all counsel of record to be served by electronic means.

 /s/ Arne R. Leonard
ROTHSTEIN DONATELLI LLP