# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

---

KRISTINA MARTINEZ, as Personal Representative
of the ESTATE OF DALE RAND ERICKSON,
deceased, LUCILLE HIGGINS, BRANDON
ERICKSON, MATTHEW ERICKSON, JONATHAN
ERICKSON, and BRIANNA ERICKSON,

     Plaintiffs,

     v.                                   No.  1:22-cv-00288-WJ-SCY

CORRHEALTH, PROFESSIONAL LIMITED
LIABILITY COMPANY d/b/a CORRHEALTH, LLC,
a foreign limited liability company, BRUCE BOYNTON,
MD, BARRY SCHOOLEY-STANFORD, MSN, FNP-C,
OAKLEY BLASDEL, RN, KIMBERLY RICH-GAINEY, RN,
and MYRA MARTINEZ, LPN, in their individual capacities
as employees of CorrHealth, Professional Limited Liability
Company d/b/a CorrHealth, LLC,

     Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS

**THIS MATTER** comes before the Court upon the Plaintiffs' unopposed brief (**Doc. 107**) filed pursuant to the Court's instructions in the prior Memorandum Opinion and Order (**Doc. 101 at 21–22**). In that Opinion, filed on November 21, 2023, the Court ordered Defendants to file supplemental briefing on various evidentiary issues—ultimately, reserving ruling on Plaintiffs' motion for spoliation sanctions (**Doc. 64**). Nearly six months have passed, and Defendants still have not filed their supplemental brief, as ordered.

Having reviewed the pleadings and applicable law, the Court finds that Plaintiffs' motions (**Docs. 64, 83, 107**) for spoliation sanctions associated with Defendants' discovery violations, is well-taken and therefore **GRANTED**.

Further, the Court uses this ruling as an opportunity to warn Defendants' counsel that if further evidence of discovery violations is uncovered in this case, additional sanctions—including entry of default judgment—may be warranted. The same holds true if Defendants fail to comply with future Court orders or deadlines.

## BACKGROUND

Plaintiffs filed a Rule 37(c) motion for sanctions related to discovery violations (**Doc. 64**). Defendants responded (**Doc. 72**) and Plaintiffs filed a reply (**Doc. 83**). The Court previously (**Doc. 101**) resolved most of these issues—but ordered additional briefing as to the spoliation issue. The reason the Court "require[d] supplemental briefing," **Doc. 101 at 21**, was because Defendants stated the company did not retain its staffing and training records (**Doc. 72 at 4–5**). Because this admission broadened the scope of Plaintiffs' original motion for sanctions (**Doc. 83**), the Court thought supplemental briefing on the spoliation issue was necessary.

Accordingly, the Court ordered Defendants to file their supplemental brief by January 12, 2024. It is now May 2024, and no briefing has been filed. It appears Defendants either thought: (1) no supplemental briefing was necessary, or (2) the Court's order was optional.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(c) allows a district court to sanction a party for failure to comply with discovery obligations. Rule 37 sanctions include: prohibiting a party from supporting claims or defenses or introducing designated matters into evidence, striking pleadings, staying further proceedings, dismissing the action, or rendering a default judgment.

The Tenth Circuit has made clear that Rule 37 grants district courts "substantial discretion" to craft orders that serve the interests of justice. *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996). Of course, the Court's discretion is limited in that the chosen sanction must be both

"just" and "related to the particular 'claim' which was at issue in the order to provide discovery." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 707 (1982)).

When imposing sanctions, a court considers the factors set forth in *Ehrenhaus*, namely: (1) the degree of actual prejudice; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; and (4) the efficacy of lesser sanctions." 965 F.2d at 921 (listing factors).

Additionally, the local rules explain that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b); *see also Rubin v. Jenkusky*, 601 F. App'x 606, 608 (10th Cir. 2015) (unpublished). When a district court applies the local rules of an uncontested motion, the Tenth Circuit requires that sanction analysis be conducted. *See Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1199 (10th Cir. 2002) (citing *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988)). As explained below, the Court grants Plaintiffs' motion for spoliation sanctions under the Federal Rules of Civil Procedure—and not because of Defendants' failure to respond. At the same time, however, the Court's decision to "treat the motion as unopposed," is bolstered by District of New Mexico Local Civil Rule 7.1(b). *See Lopez v. Cantex Health Care Ctrs. II LLC*, 2023 U.S. App. LEXIS 29606, at *11–12 (10th Cir. Nov. 7, 2023) (unpublished) (cleaned up).

## DISCUSSION

### I. Exclusion of Training/Staffing Evidence is a Just Sanction for Spoliation

The Court briefly recaps its prior Opinion:

Defendant CorrHealth admitted that its staffing and training records from March 2019 are "no longer available." **Doc. 74-14**. Specifically, Defendants' Response states that "CorrHealth only keeps these types of records . . . for up to 3 years." **Doc. 72 at 4**. As Plaintiffs point out, Defendant CorrHealth had a duty to preserve this evidence and was on notice of litigation since at least[1] May 27, 2021. **Doc. 64-**

---

[1] Defendant CorrHealth was on notice that litigation was imminent "within weeks . . . [of] Mr. Erickson's death." **Doc.**

**1 at 3**. The records expired from internal retention in March 2022—at least ten months after Defendants were served the original complaint. **Doc. 64 at 2; Doc. 64-1; Doc. 83 at 3**. Defendants' Response (**Doc. 72**) neglects to mention taking any reasonable steps to preserve its records—such as implementing a litigation hold. In a show of "good faith," Defendants concede that nonexistent documents "will not be used in any future motion or trial." **Doc. 72 at 5**. But the $use^2$ of these unfound documents is not the issue; instead, the prejudice stems from the fact that "[w]ithout the staffing and training records . . . there is no objective reference point" for Plaintiffs to hold the Defendants to answers regarding employment, schedules, or training. **Doc. 83 at 6–7**.

**Doc. 101 at 20**. In this ruling, the Court also explained that the exclusion of testimony or evidence is a permissible spoliation sanction. *See 103 Invs. I, L.P. v. Square D Co.*, 470 F.3d 985, 988–89 (10th Cir. 2006).

In developing the record to support its imposition of sanctions, the Court will now turn to an analysis of the *Ehrenhaus* factors. First, Plaintiffs have been prejudiced. Defendants' spoliation of discoverable material caused Plaintiffs to unnecessarily expend time and resources. The briefing shows that Defendants should have maintained these discoverable records. *See* Fed. R. Civ. P. 37(e). And these missing records "leave Plaintiffs 'without an objective reference point' to verify or challenge Defendants' answers regarding their employment, schedules, or training." **Doc. 107 at 4** (citation omitted).

Second, the Court finds that Defendants' counsel interfered with the judicial process by ignoring the Court's November Order. *See Jones v. Thompson,* 996 F.2d 261, 265 (10th Cir. 1993) (finding a sufficient amount of interference with the judicial process when counsel "ignored court orders and thereby hindered the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party"). This finding is based upon the fact Defendants ignored the Court's order to file supplemental briefing for nearly six months. This

---

**83 at 3; Doc. 74-13; Doc. 74-5**.
[2] While conceding the "use" of the documents, Defendants argue they should not be barred from testifying about the records. **Doc. 72 at 5**.

unquestionably delayed litigation. *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018); *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished). Disobeying a court order is unacceptable.

Third, Defendants are culpable for their discovery violations. Indeed, the record provides no justification for their spoliation of these documents and communications. Federal Rule of Civil Procedure 34 requires a party to produce designated documents that are "in [its] possession, custody, or control." Fed. R. Civ. P. 34(a)(1). And Rule 37 explains that electronically stored information should be preserved in anticipation of litigation. The Court finds that from May 27, 2021, until March 2022, the records were in Defendants' possession, custody, or control. Therefore, Defendants are at fault for spoliating these would-be discoverable materials.

Fourth, the *Ehrenhaus* analysis requires the Court to consider the efficacy of lesser sanctions. On this point, the Court already provided Defendants with the opportunity to file supplemental briefing. *See* **Doc. 101**. This prior Order was two-fold, as the Court wanted to: (1) establish a sufficient record on the issue of spoliation, and (2) provide Defendants with an opportunity to demonstrate their good faith efforts. Clearly the contents of the spoliated material shows that lesser sanctions would not provide an effective remedy. Monetary sanctions do not remedy the issue—thus, exclusion is the just remedy. *See* Fed. R. Civ. P 37(b)(2), (c)(1), (e).

Finally, Defendants are **hereby advised that they will comply with this Court's local rules, deadlines, and the Federal Rules of Civil Procedure. Future violations may result in sanctions such as the pleading being stricken, monetary sanctions, or entry of default judgment.** *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) (recognizing a Court's inherent power to impose a variety of sanctions to regulate its docket, promote judicial efficiency and deter frivolous filings); *see also Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd., Inc.)*, 40 F.3d

1084, 1089 (10th Cir. 1994) (same).

## II. The Court Will Also Issue an Adverse Inference Jury Instruction

A showing of "intentional destruction or bad faith" is required before issuing a spoliation instruction permitting the jury to draw an adverse inference from the destruction of evidence. *See Energy W. Mining Co. v. Oliver*, 555 F.3d 1211, 1220 n.2 (10th Cir. 2009) (citing *Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1219-20 (10th Cir. 2008)). But bad faith can be established by circumstantial evidence, inferences, and a consideration of the totality of the circumstances. *See Toma v. Weatherford*, 846 F.2d 58, 60 (10th Cir. 1988) (evaluating sanctions under a totality of the circumstances); *see also BWP Media USA, Inc. v. Polyvore, Inc.*, 922 F.3d 42, 59 (2d Cir. 2019) (same); *Cazares v. Barber*, 959 F.2d 753, 755 (9th Cir. 1992) (same).

In part, this "bad faith" burden informed the Court's decision to "reserving ruling on the spoliation sanctions." **Doc. 101 at 21**. In the same breath, however, the spoliation issue was not in the original briefing—so the Court ordered the parties to file additional briefing on the issue. *Id.* Back then, the Court gave Defendants the benefit of the doubt.

At present, however, the Court is not inclined to give Defendants that same benefit.

Specifically, the Court reaches this conclusion based upon the following findings: (1) the employee records were destroyed contrary to CorrHealth policy, (2) Defendants were on notice that the March 2019 employee logs would be relevant to litigation since at least May 2021—if not earlier, (3) Defendants were obligated to preserve the evidence—under both the Federal Rules and as a best practice litigation hold, and (4) Defendants failed to rebut Plaintiffs' assertion of "bad faith" by disregarding[3] the Court's order for additional filing. Again, it is worth noting that a court

---

[3] Failure to raise an argument constitutes waiver. *See Anderson v. Spirit AeroSystems Holdings, Inc.*, 827 F.3d 1229, 1238–39 (10th Cir. 2016). And the local rules make clear that failing to respond "constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). To the extent Defendants do not expressly admit to acting in bad faith, their actions—in not filing—speak louder than any words (especially since there are not words for the Court to consider).

may infer bad faith from these "additional elements." *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 2023 U.S. App. LEXIS 20430, at *22 (10th Cir. Aug. 8, 2023) (unpublished).

Taken together, the totality of the circumstances supports an inference of bad faith by Defendant CorrHealth that is sufficient to warrant an adverse inference instruction. As mentioned, the surrounding circumstances establish more than mere negligence. CorrHealth's actions are not simply the failure to act reasonably and prudently, but instead indicate a dishonest purpose, moral obliquity, consciousness of wrongdoing, and a breach of a known duty. Therefore, the spoliation of numerous records and electronically stored information was carried out in bad faith. *See* **Doc. 72 at 4** (explaining the records are "no longer available to CorrHealth"). And because bad faith has been established, the Court concludes (in its broad discretion) that an adverse inference instruction is warranted. Finally, should evidence of further discovery violations on the part of Defendants surface, the Court notes that it would be inclined to take harsher steps—including entry of default judgment in this case.

## CONCLUSION

For the reasons outlined in this Memorandum Opinion and Order, the Court hereby **GRANTS** Plaintiffs' Motion for Sanctions (**Doc. 64**) as well as Plaintiffs' request for an adverse inference jury instruction.

**IT IS THEREFORE ORDERED** that Defendants are prohibited from offering testimony or evidence regarding the spoliated "training and staffing" records in future motions or at trial.

**IT IS FURTHER ORDERED** that Plaintiffs will be permitted to question[4] Defendants' witnesses in front of the jury regarding the spoliated evidence.

**Defendants are hereby advised that this Memorandum Opinion and Order serves as**

---

[4] This aspect is necessarily constrained by Fed. R. Evid. 611(b) as to each witness. Additionally, the Court will not allow any attorney to discuss the contents of this Memorandum Opinion and Order in front of the jury.

a **WARNING that that any subsequent violations of this Court's Orders or Rules may result,**

*sua sponte*, **in SANCTIONS INCLUDING ENTRY OF DEFAULT JUDGMENT WITHOUT**

**FURTHER NOTICE.**

     **IT IS SO ORDERED.**


                                                  **/s/**

                                                  WILLIAM P. JOHNSON
                                                  CHIEF UNITED STATES DISTRICT JUDGE