# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

KRISTINA MARTINEZ, as Personal Representative
of the **ESTATE OF DALE RAND ERICKSON**,
deceased, **LUCILLE HIGGINS, BRANDON ERICKSON,**
**MATTHEW ERICKSON, JONATHAN ERICKSON**, and
**BRIANNA ERICKSON**,

        Plaintiffs,

v.                                  No.  1:22-cv-00288-WJ-SCY

**CORRHEALTH, PROFESSIONAL LIMITED LIABILITY**
**COMPANY d/b/a CORRHEALTH, LLC**, a foreign limited
liability company, **BRUCE BOYNTON, MD**, **BARRY**
**SCHOOLEY-STANFORD, MSN, FNP-C, OAKLEY BLASDEL,**
**RN**, **KIMBERLY RICH-GAINEY, RN**, and **MYRA MARTINEZ,**
**LPN**, in their individual capacities as employees of CorrHealth,
Professional Limited Liability Company d/b/a CorrHealth, LLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RECONSIDERATION

    **THIS MATTER** is before the Court upon Defendant CorrHealth's Opposed Motion for

Reconsideration (**Doc. 118**).[1] For the reasons explained below, the request is **DENIED**.

## BACKGROUND

    Given the briefings and rulings previously filed in this action, the Court assumes the parties

are familiar with the underlying facts. For present purposes, it is enough to note that in this

---

[1] Although it may seem petty, the Court notes that the instant pleading does not comply with D.N.M.LR-Civ 10.1.
This Rule requires the text be "at least 12 pitch," and the margins must be "at least 1 inch, [but] the top margin must
be at least 1 ½ inches." Pages five through eight of Defendants' filing clearly has noncompliant font and margins.
    The Court *could* strike the pleading as noncompliant—but nevertheless overlooks these errors in order to
rule on the merits. *See, e.g., Fox v. Noram Energy Corp.*, 1999 U.S. App. LEXIS 26576, at *8–10 (10th Cir. Oct. 21,
1999) (unpublished); *Aguilar v. Management & Training Corp.*, No. 16-cv-50, 2017 U.S. Dist. LEXIS 217142
(D.N.M. Sept. 7, 2017) (Johnson, J.) (explaining the local rules require at least 12-point font); *Rhodes v. Bd. of Cnty.
Comm'rs for the Cnty. of Bernalillo*, No. 16-cv-521, 2017 U.S. Dist. LEXIS 149516 (D.N.M. Sept. 14, 2017) (same).

jailhouse death[2] case, Defendants[3] now seek reconsideration of the Court's Order (**Doc. 115**) granting Plaintiffs' request for spoliation sanctions.

As explained in that Memorandum Opinion and Order (**Doc. 115 at 1**), Defendants' counsel disregarded this Court's earlier Order (**Doc. 101 at 21–22**) to file supplemental briefing. For over four months, Defendants did not file supplemental briefing. Nor did they file a request for an extension.

Unsurprisingly, the Court does not find that defense counsel's proffer of intent to file a responsive pleading all along is a sufficient basis for a motion to reconsider. And neither do the Federal Rules nor any case law. Accordingly, the Court's prior Memorandum Opinion and Order (**Doc. 115**) resolving the sanctions issue is affirmed in full and Defendants' motion for reconsideration (**Doc. 118**) is denied.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly recognize "motions for reconsideration." However, the Tenth Circuit provides that such motions may be considered under Rule 59(e) or Rule 60(b)—depending on the reasons expressed by the movant. *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011). A motion for reconsideration is appropriate when a litigant argues the Court has misapprehended the facts, a party's position, or the controlling law. *See Servants of Paraclete v. Does*, 204 F.3d

---

[2] This case was removed to federal court on the basis of a federal question (**Doc. 1 at 3 ¶¶ 7–8**), and Plaintiffs' First Amended Complaint (**Doc. 1-2 at 1 & 62–63**) alleges a federal civil rights violation under § 1983.

[3] Although counsel uses the singular "Defendant CorrHealth" in his pleading, the Court uses the plural "Defendants" or "Defendants' counsel." That is because the same attorney representing Defendant CorrHealth represents the individually named Defendants (**Doc. 116 at 2**). The only times the singular "Defendant" is used is when quoting from the motion or using the stylized caption of the motion itself. Also, the prior ruling (**Doc. 115**) applied to all the Defendants—not just "Defendant CorrHealth." Thus, the motion to reconsider was ostensibly filed on behalf of all the Defendants.

1005, 1012 (10th Cir. 2000). When, as here, the motion is timely[4] filed under both Rule 59(e) and

60(b), the Court should evaluate the motion "based on the reasons expressed by the movant."

*Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005).

A Rule 59(e) motion is the appropriate vehicle to correct "manifest errors of law or to

present newly discovered evidence." *Commonwealth Prop. Advocs., LLC*, 680 F.3d at 1200

(quoting *Comm. for the First Amend. v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)).

On the other hand, a Rule 60(b) motion is appropriate in specific enumerated

circumstances—such as when there is a "mistake, inadvertence, surprise, or excusable neglect" or

"newly discovered evidence that, with reasonable diligence, could not have been discovered in

time to move for a new trial." Fed. R. Civ. P. 60(b)(1) & (2).

A third variant of motions for reconsideration exists as well—as a district court may "revise

an interlocutory order 'at any time before the entry of a judgment.'" *Xingfei Luo v. Wang*, 71 F.4th

1289, 1298 (10th Cir. 2023) (quoting Fed. R. Civ. P. 54(b)). Rule 54(b) motions for reconsideration

are "subject to reopening at the discretion of the district judge." *Moses H. Cone Mem'l Hosp. v.

Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983). According to counsel, the present motion (**Doc.

118**) falls into this category.

No matter what label is affixed, the decision to grant or deny a motion for reconsideration

is left to the sound discretion of the trial court. *See Barber ex rel. Barber v. Colo. Dep't of Revenue*,

562 F.3d 1222, 1228 (10th Cir. 2009); *Taylor v. Colo. Dep't of Health Care Policy & Fin.*, 811

F.3d 1230, 1236 (10th Cir. 2016) (noting that motions for reconsideration are reviewed for an

abuse of discretion). And denial is typically appropriate if the motion simply relitigates the same

issues, presents the same theories, or introduces previously available evidence. *See Exxon Shipping*

---

[4] The time to file under Rule 59(e) is twenty-eight days, Fed. R. Civ. P. 59(e), while Rule 60(b) just requires the motion be "made within a reasonable time" not to exceed one year. Fed. R. Civ. P. 60(c)(1).

*Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (explaining motions for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised."); *Pueblo of Jemez v. United States*, 63 F.4th 881, 897 (10th Cir. 2023) (same); *cf. Fish v. Schwab*, 957 F.3d 1105, 1141 (10th Cir. 2020) (Holmes, C.J.) ("Where the earlier ruling . . . was established in a definitive, fully considered legal decision based on a fully developed factual record and a decisionmaking process . . . why should we not follow the usual law-of-the-case jurisprudence?" (cleaned up)).

## DISCUSSION

As an initial matter, the Court takes issue with the proposition that "counsel for Plaintiffs and Defendants had worked together on an Unopposed Motion for Defendant CorrHealth to file a Supplemental Brief Out of Time." **Doc. 118 at 2**. First of all, Defendants went radio silent for four months. No request for leave to file out of time was docketed. Nor was any untimely request for an extension filed. The parties can agree to many things—but that does not provide Defendants with carte blanche to disregard the Court's Order to file supplemental briefing. Second, it seems entirely too convenient that "While Defendant CorrHealth was finalizing these pleadings and its proposed Supplemental Brief, the Court issued its Order." **Doc. 118 at 2**. The Court takes counsel's word—but is, candidly, skeptical. Defendants assert the case was "largely dormant," **Doc. 118 at 3**, but that is because counsel did not timely respond to the Court's Order. *See* **Doc. 101 at 21–22** ("Defendants shall submit their brief no later than January 12, 2024."). At the same time, counsel admits to not having noticed the Court's order until May (**Doc. 118-2 at 5**). That means from November 2023 to May 2024, Defendants' counsel never read the Court's Order. That is not an appropriate basis for a motion for reconsideration.

At best counsel appears to have engaged in a careless disregard for ongoing litigation. This

laissez-faire attitude does not constitute "excusable neglect," a "mistake," "newly discovered evidence," or an error of law. *See Magraff v. Lowes HIW, Inc.*, 217 F. App'x 759 (10th Cir. 2007) (unpublished) ("On this record, we do not find an abuse of discretion in the district court's conclusion that the calendaring error . . . did not constitute excusable neglect or good cause to justify an extension to file the notice of appeal."). Motions for reconsideration are meant to be "extraordinary and may only be granted in exceptional circumstances." *Amoco Oil Co. v. EPA*, 231 F3d 694, 697 (10th Cir. 2000). These are not exceptional circumstances. Blowing a deadline by nearly five months, admitting to only seeing the Order in May, and never filing any request for an extension is careless. And "carelessness by a litigant or his counsel does not afford a basis for relief." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

Additionally, in this Court's view, the motion for reconsideration "basically revisits, albeit in somewhat different forms, the same issues already addressed." *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (cleaned up). Given the lack of earlier filings, this assertion requires the Court to prove a negative. As a practical matter, this is not easy; but the filings prove this very point.

Here, Defendants' motion explains they are "seeking targeted relief—not rehashing [] the issues." **Doc. 118 at 2**. And in support of this relief, counsel aver that "the attached Supplemental Brief contains new information." ***Id.* at 3**. But this is not "new" information. It is just newly filed information. *See, e.g., Truvia v. Connick*, 577 F. App'x 317, 327 (5th Cir. 2014) (unpublished); *Moore v. Cingular Wireless Corp.*, 207 F. App'x 717, 179 (7th Cir. 2006) (unpublished) (explaining evidence is not new if it was "available before"); *Williams v. N. Fla. Reg'l Med. Ctr., Inc.*, 164 F. App'x 896, 899 (11th Cir. 2006) (unpublished) (same).

Defendants also argue that "Adverse inference remedies are not appropriate in this case,

and cannot be awarded without a finding of bad faith." **Doc. 118 at 8**. The second half of that sentence is true—which is why the Court devoted an entire section of its prior Memorandum Opinion and Order (**Doc. 115 at 6–8**) to the finding of "bad faith." The Court made specific findings. And the Court also inferred bad faith from the surrounding circumstances. But this is the same argument that would have been advanced in Defendants' timely filed supplemental briefing. *See* **Doc. 118-3 at 3–4** (explaining why there was no bad faith). Thus, this motion for reconsideration is not a motion for reconsideration as contemplated by the Rules. Instead, the motion is an attempt to have a second bite at the apple after blowing a deadline.

When a motion for reconsideration falls into the "interlocutory" category, as Defendants' motion does (**Doc. 118 at 5**), reconsideration relies entirely on the Court's "inherent power" to reopen its rulings. *See Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Invs. II, LLC*, 887 F.3d 1003, 1023 (10th Cir. 2018). Thus, the Court's discretion for interlocutory reconsideration is, logically, higher than those under Rules 59(e) or 60(b)—because there are no discreet requirements (instead, the matter is left entirely to the Court). *See Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008) (noting that "an interlocutory motion invoking the district court's general discretionary authority" does not bind the Court to Rules 59(e) or 60(b) "strict standards"). And this Court's discretion is not disturbed unless the court of appeals finds the decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Wright ex rel. Tr. Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001). But it is not arbitrary, capricious, whimsical, or manifestly unreasonable to refuse to consider these arguments for the first time after this court has already ruled. *Spring Creek Expl. & Prod. Co., LLC*, 887 F.3d at 1025. Plus, a motion for reconsideration is only encouraged when "error is apparent." *Warren v. Am. Bankers Ins.*, 507 F.3d 1239, 1253 (10th Cir. 2007).

Lastly, this Court considers the law of the case doctrine a persuasive analogue for reviewing Rule 54(b) motions to reconsider—while simultaneously acknowledging it is not directly applicable (or binding). *See generally Wilson v. Merrell Dow Pharms., Inc.*, 160 F.3d 625 (10th Cir. 1998) (rejecting the notion a district court is bound by "the law-of-the-case" doctrine for motions to reconsider); *but see In re Woods*, 173 F.3d 770, 776 (10th Cir. 1999) (explaining a district court "can properly refuse reconsideration as a matter of law of the case"). When, as here, a Court decides an issue upon a rule of law, that decision should "govern the same issues in subsequent stages of the same case." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011). In order to warrant departure from a prior ruling under Rule 54(b), one of three circumstances should[5] exist: (1) new and different evidence; (2) intervening controlling authority; or (3) a clearly erroneous prior decision which would work a manifest injustice. *Id.* (citing *Wilson v. Meeks*, 98 F.3d 1247, 1250 (10th Cir. 1996)). Given the Court's broad latitude to reconsider its prior rulings, *Elephan Butte Irr. Dist. of N.M. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008), the Court declines to reconsider the issue it previously resolved. *See Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1240 (10th Cir. 2016) (explaining the law of the case doctrine posits that a court may "decline the invitation to reconsider issues already resolved earlier in the life of a litigation").

Defendants have failed to show that the Court: (1) "made a substantive mistake of law or fact," *Utah ex. rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 723 (10th Cir. 2008), or (2) committed an "apparent," *Warren*, 507 F.3d at 1253, error. The Court's prior Order (**Doc. 115**) is firmly anchored to the law and facts and needs no reconsideration.

---

[5] The Court notes it has the inherent authority to reopen interlocutory rulings at its discretion—but is under no obligation to do so.

## CONCLUSION

Motions to reconsider interlocutory orders are "disfavored and should be granted 'sparingly.'" *Wootten v. Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (Moon, J.). This is not one of those occasions. The Court will not reconsider what it has already properly considered—especially when the filing does not demonstrate that the Court misapprehended the law, facts, or parties' positions.

**IT IS THEREFORE ORDERED** that Defendant CorrHealth's Motion for Reconsideration (**Doc. 118**) of Court's May 17, 2024, Order is **DENIED**.

**IT IS SO ORDERED**.


/s/_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE